UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMITRIUS McGEE, CDCR #K-27398,<br><br>                        Plaintiff,<br>vs.<br>CHAMBERLAIN, M.D.; JOHN DOE, M.D.; JOHN DOE Opthamologist; TRAVIS H. CALVIN, M.D.; KU, M.D.; N. BARRERAS, Chief Medical Officer; JOHN DOE, M.D.; MOHAMMED K. ARAB, M.D.; DANIEL PARAMO, Warden; MATTHEW CATES, Director CDCR; DOMINGO URIBE, Warden; Does 1-20,<br><br>                        Defendants. | Civil No.   13cv1020 WQH (JMA)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

I.    **Procedural History**

On April 29, 2013, Demitrius McGee ("Plaintiff"), a state prisoner proceeding pro se and currently incarcerated at San Quentin State Prison located in San Quentin, California, filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.) On May 14, 2013, this Court

granted Plaintiff's Motion to Proceed IFP but simultaneously sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 3 at 7-8.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On June 19, 2013, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 5.)

In his First Amended Complaint, Plaintiff names as Defendants N. Barreras, Samuel Ko, Mohammed H. Arab, Travis H. Calvin, Dr. Miesel and E. Chamberlain as Defendants. (ECF No. 5 at 1-2.) In the Court's May 14, 2013 Order, Plaintiff was informed that any claims not re-alleged and Defendants not renamed would be deemed waived. (ECF No. 3 at 7) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Because Plaintiff no longer names Defendants John Doe, M.D., John Doe, Opthamologist, John Doe, M.D., Ear Nose and Throat, Daniel Paramo, Matthew Cate and Domingo Uribe as Defendants, these Defendants are DISMISSED from this action.

II.   **SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A**

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

1  152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal
2  Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner
3  is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the
4  petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010)
5  (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however,
6  "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of*
7  *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations
8  of official participation in civil rights violations are not sufficient to withstand a motion to
9  dismiss." *Id.*

### A. Statute of Limitations

In Plaintiff's First Amended Complaint, like his original Complaint, he, once again, alleges that he was denied adequate medical care while he was housed at Centinela State Prison from 2007 to 2009. (ECF No. 5 at 4 - 26.) However, the only claims against the named Defendants are alleged to have occurred between 2007 and 2008.[1] (*Id.* at 4-9.)

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort

---

[1] Plaintiff identifies a "Dr. Fraze" and "Dr. Evans" as medical care providers who were in charge of his medical care from late 2008 to 2009. (ECF No. 5 at 22-27.) However, neither of these individuals are named as Defendants.

cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Here, Plaintiff seeks to hold Defendants liable for events which occurred between 2007 and 2008. Thus, Plaintiff would have reason to believe that his constitutional rights were violated five to six years ago. *Id.*; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his Complaint in this case until April 29, 2013, which exceeds California's statute of limitation. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927. Plaintiff does not allege any facts to suggest how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See*, *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice.").

Pursuant to *Fink*, a portion of Plaintiff's claims against Defendants, accruing in 2007 and 2008, would be tolled for two years. California's two-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants no later than 2011. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

Once again, Plaintiff's claims against Defendants arising in 2007 and 2008 must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it appears from the face of the pleading that Plaintiff's claims are time-barred. *Cervantes*, 5 F.3d at 1277. The Court previously dismissed Plaintiff's original Complaint based on the same grounds and informed Plaintiff that he must plead facts to support equitable tolling. However, Plaintiff's First Amended Complaint is devoid of any such allegations. Plaintiff is cautioned that he will be provided the opportunity to file a Second Amended Complaint but he must include allegations relating to equitable tolling or his action may be dismissed without leave to amend.

### B. Eighth Amendment medical care claims

The Court also finds that Plaintiff's First Amended Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) because it fails to adequately state an Eighth Amendment claim. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the

way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

While Plaintiff has demonstrated that he has serious medical needs, throughout his First Amended Complaint he sets forth allegations that he was routinely provided medical care and medication for his medical needs. While Plaintiff alleges that some of this treatment rose to the level of negligence and some of this treatment he disagreed with, none of these claims rise to the level of a constitutional violation. Inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Moreover, a mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Thus, Plaintiff's Eighth Amendment inadequate medical care claims are dismissed for failing to state a claim upon which relief can be granted.

### III. CONCLUSION AND ORDER

1. Defendants John Doe, M.D., John Doe, Opthamologist, John Doe, M.D., Ear Nose and Throat, Daniel Paramo, Matthew Cate and Domingo Uribe are **DISMISSED** from this action. *See King*, 814 F.2d at 567.

2. Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Second Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Second Amended Complaint will be deemed to have been waived. *See King*, 814 F.2d at 567. Further, if Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and

may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

    3.    The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

DATED: 9/20/13

                          HON. WILLIAM Q. HAYES
                          United States District Judge