FILED

14 MAR 13 AM 10: 30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMITRIUS McGEE, CDCR #K-27398,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CHAMBERLAIN, M.D.; JOHN DOE, M.D.; JOHN DOE Opthamologist; TRAVIS H. CALVIN, M.D.; KU, M.D.; N. BARRERAS, Chief Medical Officer; JOHN DOE, M.D.; MOHAMMED K. ARAB, M.D.; DANIEL PARAMO, Warden; MATTHEW CATES, Director CDCR; DOMINGO URIBE, Warden; Does 1-20,<br><br>　　　　　　　　　　Defendants. | Civil No.　13cv1020 WQH (JMA)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

## I.　Procedural History

　　On April 29, 2013, Demitrius McGee ("Plaintiff"), a state prisoner proceeding pro se and currently incarcerated at San Quentin State Prison located in San Quentin, California, filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.) On May 14, 2013, this Court granted Plaintiff's Motion to Proceed IFP but simultaneously sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 3 at 7-8.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On June 19, 2013, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 5.)

In his First Amended Complaint, Plaintiff named as Defendants N. Barreras, Samuel Ko, Mohammed H. Arab, Travis H. Calvin, Dr. Miesel and E. Chamberlain as Defendants. (ECF No. 5 at 1-2.) In the Court's May 14, 2013 Order, Plaintiff was informed that any claims not re-alleged and Defendants not renamed would be deemed waived. (ECF No. 3 at 7) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Because Plaintiff no longer named Defendants John Doe, M.D., John Doe, Opthamologist, John Doe, M.D., Ear Nose and Throat, Daniel Paramo, Matthew Cate and Domingo Uribe as Defendants, those Defendants were DISMISSED from this action. (ECF No. 6 at 6.) In addition, the Court, once again, dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (*Id.* at 6-7.) Plaintiff was granted leave to file a Second Amended Complaint. (*Id.*) On February 26, 2014, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 8.)

## II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

As the Court stated in its previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal

Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

In Plaintiff's Second Amended Complaint, like his previous pleadings, he alleges that he was denied adequate medical care while he was housed at Centinela State Prison from 2007 to 2009. (ECF No. 8 at 4-11, 14-21.) However, the only claims against the named Defendants are alleged to have occurred between 2007 and 2008.[1] (*Id.* at 15-21.)

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955

---

[1] Plaintiff identifies a "Dr. Fraze" and "Dr. Evans" as medical care providers who were in charge of his medical care from late 2008 to 2009. (ECF No. 8 at 33-36.) However, neither of these individuals are named as Defendants.

("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Here, Plaintiff seeks to hold Defendants liable for events which occurred between 2007 and 2008. Thus, Plaintiff would have reason to believe that his constitutional rights were violated six to seven years ago. *Id.*; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his Complaint in this case until April 29, 2013, which exceeds California's statute of limitations. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927. Plaintiff does not allege any facts to suggest how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See, e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 applies to a California prisoner's personal injury claims unless application of the statute would result in a "manifest injustice").

Pursuant to *Fink*, a portion of Plaintiff's claims against Defendants, accruing in 2007 and 2008, would be tolled for two years. California's two-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants no later than 2011 or 2012. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

In his Second Amended Complaint, Plaintiff argues that he is a "life term prisoner suing under federal law of deliberate indifference and not under state law of negligence" and therefore California law relating to statute of limitations does not apply. (SAC at 38.) However, the Ninth Circuit has specifically held that because section 1983 contains no specific statute of

limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones*, 393 F.3d at 927. Accordingly, as stated above, this Court looks to California's personal injury statute of limitations which is two years. Plaintiff cites to a 1968 California state court decision in which there was discussion of allowing California prisoners tolling for the entire term of their imprisonment. (*See* SAC at 28; citing *Grasso v. McDonough Power Equipment, Inc.*, 264 Cal.App.2d 597 (1968)). However, the California law was "subsequently changed effective January 1, 1995, to limit the period of tolling" to two years. *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999). Therefore, there is no merit of Plaintiff's argument that he is entitled to unlimited tolling in this action.

Thus, the Court finds that Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). Plaintiff's claims against Defendants arising in 2007 and 2008 must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it appears from the face of the pleading that Plaintiff's claims are time-barred. *Cervantes*, 5 F.3d at 1277.

### III. CONCLUSION AND ORDER

Plaintiff's Second Amended Complaint is **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED**. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk of Court shall close the file.

DATED: 3/13/14

HON. WILLIAM Q. HAYES
United States District Judge